NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY THORPE,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEE RETIREMENT SYSTEM,<br><br>Defendants. | Civil Action No. 23-3788 (RK) (DEA)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiff Judy Thorpe's ("Plaintiff") application to proceed *in forma pauperis* ("IFP"), (ECF No. 1-2), together with Plaintiff's Complaint against the Board of Trustees of the Public Employee Retirement System ("Defendant"), (Compl., ECF No. 1). For the reasons explained below, Plaintiff's application to proceed IFP is **GRANTED**. However, her Complaint is **DISMISSED** without prejudice.

**I.    BACKGROUND**

    The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff worked for twenty-five (25) years as a registered nurse in New Jersey. (Compl. at 6.) Plaintiff, who suffers from an ADA-recognized medical disability, began working as the regional supervisor of nursing services at the New Jersey Juvenile Justice Commission ("JJC") on April 6, 2004. (*Id.* at 7.) In June 2007, Plaintiff suffered a work-related injury and took a leave of absence related to the injury.

(*Id.* ¶ 20, Ex. X.)[1] She returned to work on October 29, 2007. (*Id.* at Ex. X.) Shortly after she returned to work, on January 4, 2008, Plaintiff was directed to report for a "psychological fitness-for-duty evaluation." (*Id.* ¶ 20, Ex. EE.) However, Plaintiff refused to participate in the evaluation and alleges that, had her employer been concerned about her psychological well-being, they should have offered her resources rather than demand she submit to an evaluation. (*Id.* ¶ 28.)

On January 8, 2008, Plaintiff was served with a Preliminary Notice of Disciplinary Action, and on January 9, 2008, she was suspended without pay based on her refusal to participate in the evaluation. (*Id.* at Ex. EE, Ex. B.) On July 25, 2008, a hearing was held regarding Plaintiff's suspension, and on August 15, 2008, her employment was terminated. (*Id.* at Ex. FF, Ex. A.) After Plaintiff was terminated, she challenged her termination through the Office of Employee relations, which referred the matter to arbitration. (*Id.* at Ex. HH.) After an arbitration hearing held on December 10, 2009, the arbitrator upheld JJC's termination of Plaintiff's employment. (*Id.* at Ex. LL.)

After turning sixty (60) years old on April 6, 2021 and "reaching normal retirement age," Plaintiff applied for deferred retirement benefits through the Public Employee Retirement System ("PERS"). (*Id.* ¶ 15, 21.) A telephonic hearing on Plaintiff's application was held on July 21, 2021, and Plaintiff was notified the following day that her application was denied. (*Id.* ¶ 16.) The denial was based on Defendant's finding that she had been "removed [from JJC] for cause on charges of misconduct." (*Id.* ¶ 29.)

Plaintiff now seeks to challenge the denial of her application for benefits on several grounds. First, upon reviewing the records related to her application, Plaintiff noticed "a

---

[1] Plaintiff attaches forty-seven (47) exhibits to her Complaint, which this Court has considered. (*See* Compl., Exs. A–RR.) In deciding motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts may consider exhibits attached to the complaint. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006), *as amended* (June 14, 2006).

2

discrepancy"—namely, that a document she received from JJC states that she did not file for Workers' Compensation when she in fact did. (*Id.* ¶¶ 19–20.) Plaintiff alleges that she is therefore "highly concerned that this clear inconsistency suggests there may be other omissions or errors in the information presented to the Board" that the Board relied upon in denying her application. (*Id.* ¶ 21.) Plaintiff also alleges that she was wrongfully denied retirement benefits because her termination from JJC was not "for cause" and because she honorably dedicated her career to public service as evidenced by numerous commendations received throughout her career. (*Id.* at ¶¶ 22, 23–27, 29.) Plaintiff alleges that she is bringing claims under N.J.S.A. 43:1-3 and 43:15A-38, the New Jersey Employer-Employee Relations Act ("EERA"), N.J.S.A. 34:13A-1, et seq., N.J.A.C. 4A:6-1.4(g), the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12101, et seq., 42 U.S.C. § 1981, New Jersey Law Against Discrimination ("LAD"), and Title VII of the Civil Rights Act and requests that the Court overturn Defendant's decision and approve her application for retirement benefits. (*Id.* ¶¶ 4, 61, 66.)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III. DISCUSSION

### A. IFP APPLICATION

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)).

The Court finds that Plaintiff has included sufficient information for the Court to "properly evaluate it [and] confirm whether Plaintiff is able to pay the court fees" or "determine Plaintiff's financial status." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023). In her application, Plaintiff states that she has a monthly income of $2,720.00 from disability payments and $300.00 in a checking account. (ECF No. 1-2.) Plaintiff also has assets, including a home worth $200,000.00 and a vehicle with a salvage title worth $150.00. (*Id.*) However, Plaintiff's monthly expenses—which total $3,138.00 and include her mortgage payment, utilities, homeowners' association fee, food, laundry and dry-cleaning, transportation,

4

life insurance, motor vehicle insurance, and credit card payments—exceed her monthly income. (*Id.*) Plaintiff also indicates that she spends approximately $200.00 per month on expenses related to this case, including "traveling to the library[,] . . . legal copying, staples, mail, [and expenses associated with a] process server." (*Id.*) Upon review, the Court believes that Plaintiff has pled her circumstances with sufficient particularity and **GRANTS** Plaintiff's IFP application.

### B. REVIEW OF COMPLAINT

Having granted Plaintiff's application to proceed IFP, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court finds that Defendant is immune from suit under the Eleventh Amendment and therefore Plaintiff's Complaint must be dismissed. The Eleventh Amendment limits a federal court's jurisdiction over actions against a state. *See In re Hechinger Inv. Co. of Del.*, 335 F.3d 243, 249 (3d Cir. 2003). The state's sovereign immunity from suit under the Eleventh Amendment also extends to "arms of the state," such as state agencies and departments. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Chisolm v. McManimon*, 275 F.3d 315, 322–23 (3d Cir. 2001) ("Eleventh Amendment immunity may be available to a state party-in-interest notwithstanding a claimant's failure to formally name the state as a defendant."). The protections

of the Eleventh Amendment also extend to protect entities when "the state is the real, substantial party in interest." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). Unless a party waives its sovereign immunity, "a court is without subject matter jurisdiction over claims against . . . agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).[2] To determine whether an "entity is properly characterized as an arm of the state" and thus entitled to sovereign immunity, courts in the Third Circuit apply a three-factor test: "(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 546 (3d Cir. 2007) (citation omitted).

Courts in this district applying this test have held that Defendant, which is part of the Division of Pensions and Benefits of the New Jersey Department of the Treasury,[3] is an arm of the state and entitled to Eleventh Amendment immunity. *See, e.g.*, *Jones v. Pub. Emp. Ret. Pensions Div.*, No. 09-5894, 2011 WL 6003122, at *3 (D.N.J. Nov. 29, 2011) (finding that "PERS is an arm of the state and is entitled to Eleventh Amendment immunity, provided the State has not waived its immunity and that Congress has not abrogated it" and concluding that New Jersey had not consented to suit nor had Congress abrogated New Jersey's Eleventh Amendment immunity); *Bennett v. City of Atlantic City*, 288 F. Supp. 2d 675, 682 (D.N.J. 2003) (same); *see also Treasury*

---

[2] "A waiver of sovereign immunity must be express and unambiguous to confer subject matter jurisdiction on a court." *Treasurer of New Jersey*, 684 F.3d at 396. Plaintiff does not allege that Defendant waived its sovereign immunity.

[3] *See* Public Employees' Retirement System, New Jersey Department of the Treasury, https://www.nj.gov/treasury/pensions/pension-active-pers.shtml (last modified February 14, 2023)." The Court may take judicial notice of information published to government websites on a motion to dismiss without converting it into a motion for summary judgment." *Hafez v. Equifax Info. Servs.*, LLC, No. 20-9019, 2023 WL 2728805, at *1 n.1 (D.N.J. Mar. 31, 2023) (collecting cases).

*Krupa v. New Jersey State Health Benefits Comm'n*, No. 16-4637, 2018 WL 513208, at *4 (D.N.J. Jan. 23, 2018) (determining that other subdivisions of the Division of Pensions and Benefits were entitled to Eleventh Amendment Immunity). The Court therefore finds that Defendant is an arm of the state and is immune from suit under the Eleventh Amendment.

The Court notes that, under the exception articulated in *Ex parte Young*, 209 U.S. 123 (1908), "while the Eleventh Amendment bars suit for retrospective or compensatory relief, a plaintiff may sue the state in federal court where the relief sought is a prospective injunction or declaratory relief." *Cap. Bonding Corp. v. New Jersey Supreme Ct.*, 127 F. Supp. 2d 582, 589 (D.N.J. 2001). However, this exception does not apply to Plaintiff's Complaint for two reasons. Firstly, this exception only applies to suits brought against state *officials*. *Med. Soc. of New Jersey v. Mottola*, 320 F. Supp. 2d 254, 267 (D.N.J. 2004) ("Under well-established case law, a plaintiff may only avoid the Eleventh Amendment bar to suit by naming a state officer as a defendant instead of the state government itself.") In this case, Plaintiff is suing the PERS Board itself, not an individual PERS official.

Secondly, this exception only applies where a plaintiff alleges an ongoing violation of federal law. *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (quotation marks and citations omitted)); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* . . . to claims for retrospective relief."); *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002) ("[A] person seeking purely prospective relief against state officials for ongoing violations of federal law may sue under the

7

'legal fiction' of *Ex parte Young* . . .."). Here, Plaintiff requests that the Court approve her benefits application. (Compl. ¶ 66.) While Plaintiff appears to be nominally seeking some form of injunctive relief, Plaintiff fails to allege any facts from which the Court might infer that there are future or ongoing violations of Plaintiff's rights under federal law. *See, e.g., Surina v. S. River Bd. of Educ.*, No. 20-2804, 2022 WL 264464, at *3 (3d Cir. Jan. 27, 2022) (finding that the *Ex parte Young* exception did not apply because, although the injunctive relief sought was phrased in prospective terms, there were no facts alleged indicating that the purported violations of constitutional law were ongoing); *Taylor v. City of Jersey City*, No. 22-457, 2023 WL 6997250, at *4 (D.N.J. Oct. 24, 2023) (dismissing claims on Eleventh Amendment grounds where the plaintiff offers only a "passing request" for injunctive relief and fails to allege specific facts from which the Court might infer that the purported civil rights violations were ongoing).[4] Accordingly, Plaintiff's claims against Defendant are barred by the Eleventh Amendment, and Plaintiff's Complaint is therefore **DISMISSED** without prejudice.

---

[4] Moreover, the *Ex parte Young* exception only applies where a plaintiff alleges ongoing violations of *federal* law—to the extent that Plaintiff attempts to allege that PERS officers should be enjoined from violating *New Jersey* law, those state-law claims would be barred by the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984) (holding that the Eleventh Amendment bars federal courts from enjoining state officers from violating state laws).

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's application to proceed IFP is **GRANTED**. However, Plaintiff's Complaint is **DISMISSED** without prejudice. Within thirty (30) days, Plaintiff may file an amended complaint that fixes the errors identified in this Opinion. An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: November 13, 2023