NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY THORPE,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEE RETIREMENT SYSTEM, et al.<br><br>Defendants. | Civil Action No. 23-3788 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendants the Board of Trustees of the Public Employee Retirement System ("PERS"), Jeff S. Ignatowitz ("Mr. Ignatowitz"), and Robert E. Kelly ("Mr. Kelly") (collectively with "John Does 1–100," "Defendants"), ("MTD," ECF No. 16), and a Motion to Strike the Motion to Dismiss filed by *pro se* Plaintiff Judy Thorpe ("Plaintiff"), ("MTS," ECF No. 17). For the reasons set forth below, Plaintiff's Amended Complaint, ("Am. Compl.," ECF No. 5), is **DISMISSED** with prejudice, and Defendants' Motion to Dismiss and Plaintiff's Motion to Strike are **DENIED** as moot.

**I.     BACKGROUND**

The Court only briefly recites the background relevant to the present dispute.[1] Plaintiff is a nurse who worked for the New Jersey Juvenile Justice Commission (the "JJC"). (ECF No. 1 at

---

[1] A more-detailed explanation of the facts underlying this matter can be found within the Court's prior Memorandum Opinion issued on November 13, 2023 (the "November Opinion"). ("Nov. Op.," ECF No. 3, at 1–3.) On this point, the Court notes that the instant matter adds to Plaintiff's lengthy—and unsuccessful—history of litigating both her termination from the New Jersey Juvenile Justice Commission ("JJC") and the subsequent denial of her retirement benefits from PERS. Plaintiff has litigated her termination from the JJC in both state and federal court to no avail. *See Thorpe v. State, State Juv. Just.*

7.) Her employment was terminated based on her alleged refusal to participate in a "psychological fitness-for-duty evaluation." (*Id.* ¶ 28, Ex. EE.) Plaintiff filed this action on July 14, 2023 against PERS, which denied her application for retirement benefits (the "Application") on several grounds due to her alleged for-cause termination of employment from the JJC. (*See id.* ¶¶ 15, 29.) Plaintiff filed an application to proceed *in forma pauperis*, (ECF No. 1–2), along with her initial Complaint, (ECF No. 1). In her initial Complaint, Plaintiff sought to challenge PERS's denial of the Application. (*Id.* ¶ 66.) Plaintiff brought claims under N.J.S.A. 43:1-3 and 43:15A-38; the New Jersey Employer-Employee Relations Act ("EERA") N.J.S.A. 34:13A-1, *et seq.*,; N.J.A.C. 4A:6-1.4(g); the Americans with Disabilities Act ("ADA") 42 U.S.C § 12101, *et seq.*; 42 U.S.C. § 1981; 42 U.S.C. § 1983; New Jersey Law Against Discrimination ("LAD"); and Title VII of the Civil Rights Act, and requested that the Court overturn PERS's decision and approve her Application. (*Id.* ¶¶ 4, 61, 66.)

On November 13, 2023, the Court granted Plaintiff's *in forma pauperis* application. (ECF No. 4.) However, the Court found that PERS was immune from suit under the Eleventh Amendment, and dismissed the Complaint without prejudice. (Nov. Op. at 5–9.) The Court noted in dicta in its November Opinion that an exception to Eleventh Amendment immunity, articulated

---

*Comm'n*, No. A-0104-11T1, 2015 WL 3602413 (N.J. Super. Ct. App. Div. June 10, 2015) (affirming dismissal of Plaintiff's complaint); *Thorpe v. State*, 124 A.3d 240 (N.J. 2015) (cert. denied); *Thorpe v. New Jersey*, 578 U.S. 986 (2016) (cert. denied); *Thorpe v. New Jersey*, 677 F. App'x 46 (3d Cir. 2017) (affirming dismissal of suit seeking to have state court proceedings reviewed). Plaintiff has also, to no avail, sued the attorneys that represented her in her state court proceedings, *see Thorpe v. Justin Swidler, Esq.*, No. A-0649-17T3, 2019 WL 1997761 (N.J. Super. Ct. App. Div. May 7, 2019) (affirming dismissal of Plaintiff's complaint), and the attorneys that represented her in her arbitration proceedings, *see Thorpe v. Cipparulo*, No. 23-3590, 2024 WL 866525, (D.N.J. Feb. 29, 2024) (dismissing Plaintiff's complaint), *reconsideration denied*, No. 23-3590, 2024 WL 1537476 (D.N.J. Apr. 9, 2024). Plaintiff has even litigated the PERS decision at issue in the instant matter to no avail in state court. *See Thorpe v. Bd. of Trustees, Pub. Employees' Ret. Sys.*, No. A-0689-20, 2023 WL 2395067 (N.J. Super. Ct. App. Div. Mar. 8, 2023) (affirming PERS decision), *cert. denied*, 301 A.3d 1275 (N.J. 2023), and *cert. denied*, 144 S. Ct. 854 (2024). Now, she turns to federal court to seemingly repeat the same litigation pattern she's followed time and again.

in *Ex parte Young*, 209 U.S. 123 (1908), permitted state officials to be sued in federal court where the relief sought was a prospective injunction or declaratory relief related to an ongoing violation of federal law. (Nov. Op. at 7.)

Sure enough, three weeks later, Plaintiff filed an Amended Complaint, adding Mr. Ignatowitz and Mr. Kelly as named Defendants, as well as "John Does 1–100." (*See* Am. Compl. ¶¶ 12, 13.) While it is not entirely clear from the Amended Complaint, it appears Mr. Ignatowitz was secretary to PERS, and Mr. Kelly was PERS's legal counsel. (*See id.* ¶¶ 12, 18.)

The Amended Complaint is substantively identical to Plaintiff's initial Complaint, save for adding Mr. Ignatowitz's and Mr. Kelly's names to the initial Complaint's allegations, (*compare* ECF No. 1 ¶ 29, *with* Am. Compl. ¶ 29), and bolding the font of certain allegations, (*see, e.g.*, Am. Compl. ¶¶ 24, 44, 63). Plaintiff prefaced the Amended Complaint with an argument that the Court (i) should proceed with "reasonable lenience" given Plaintiff's *pro se* status, (ii) should consider the exhibits attached to her Amended Complaint,[2] and (iii) should take judicial notice of certain policies published by the Department of Treasury and Division of Pension and Benefits, as well as "that [PERS], [Mr.] Ignatowitz and [Mr.] Kelly violated and manipulated policies regarding ongoing pending litigation by prematurely rendering a decision to deny [the Application] when it has been clear that pending litigation indeed exists in my case." (Am. Compl. at 2–4.)

Before the Court could screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), a summons issued to Defendants on April 18, 2024. (ECF No. 8.) Defendants then filed a Motion to Dismiss the Amended Complaint, arguing that (i) the Court lacked jurisdiction over the matter

---

[2] Plaintiff again attaches the same forty-seven (47) exhibits from her Complaint to her Amended Complaint, which the Court has re-considered herein. (*See* Am. Compl., Exs. A–RR.) In deciding motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts may consider exhibits attached to the complaint. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006), *as amended* (June 14, 2006).

pursuant to the *Rooker-Feldman* doctrine, (ii) Defendants were immune from suit, and (iii) the Amended Complaint failed to state any claims against Defendants. (*See generally* MTD.) Plaintiff did not file an opposition. Instead, on July 10, 2024, Plaintiff filed a Motion to Strike the Motion to Dismiss, arguing that the Motion to Dismiss "(1) was filed without leave of court; (2) was violated [sic] in contravention of clear rules of procedure[, and] further[] it was not served timely . . ; and (3) jurisprudence does not permit such successive applications, pleadings and motions." (MTS at 9.) Defendants opposed the Motion to Strike, arguing that Plaintiff was properly served the Motion to Dismiss, which was timely-filed, via mail. (ECF No. 18 at 2.) Plaintiff replied. (ECF No. 19.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e), the District Court may dismiss a case proceeding *in forma pauperis* "at any time" if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). While the statute "is designed to ensure that indigent litigants have meaningful access to the federal courts," *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), the Court's *sua sponte* screening power guards against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3). Although Federal Rule of Civil Procedure 8's ("Rule 8") requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [she] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### III. DISCUSSION

The Court notes at the outset that the "Amended Complaint . . . remains subject to screening for dismissal 'at any time' pursuant to 28 U.S.C. § 1915(e)(2)(B)." *Alexander v. Russo*, No. 23-1514, 2023 WL 3434038, at *1 (D.N.J. May 12, 2023); *see also Karupaiyan v. Wipro Ltd.*, No. 23-2005, 2023 WL 4896672, at *2 (D.N.J. July 31, 2023) ("If Plaintiff chooses to file an amended complaint, any claims he brings will still be subject to . . . *sua sponte* Rule 12(b)(6) analysis . . ."); *Freeman v. Moore*, No. 23-2641, 2024 WL 1536743, at *3 (E.D. Pa. Apr. 9, 2024) ("Since [plaintiff] is proceeding *in forma pauperis*, the Court may independently screen his Amended Complaint and dismiss it 'at any time' pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) if, among other things, it fails to state a claim." (citing *Brown v. Sage*, 941 F.3d 655, 662 (3d Cir. 2019)). Given that there appears to be some sort of dispute over the timeliness of Defendants' Motion to Dismiss, (*see generally* MTS),[3] the Court instead evaluates the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court *sua sponte* finds that the Amended Complaint should be **DISMISSED** with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B), and Defendants' Motion to Dismiss and Plaintiff's Motion to Strike are **DENIED** as moot.

---

[3] The Court notes it is highly skeptical of the merits of this dispute.

To begin its screening analysis, the Amended Complaint fails to cure the deficiencies identified in the Court's November Opinion with respect to Eleventh Amendment immunity. (*See* Nov. Op. at 5–9.) The Eleventh Amendment limits a federal court's jurisdiction over actions against a state. *See In re Hechinger Inv. Co. of Del.*, 335 F.3d 243, 249 (3d Cir. 2003). The state's sovereign immunity from suit under the Eleventh Amendment also extends to "arms of the state," such as state agencies and departments. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Given that PERS has been found by courts in this District to be an "arm of the state," the Court previously found—and finds again—PERS is immune from suit. *See Jones v. Pub. Emp. Ret. Pensions Div.*, No. 09-5894, 2011 WL 6003122, at *3 (D.N.J. Nov. 29, 2011) (finding that "PERS is an arm of the state and is entitled to Eleventh Amendment immunity, provided the State has not waived its immunity and that Congress has not abrogated it" and concluding that New Jersey had not consented to suit nor had Congress abrogated New Jersey's Eleventh Amendment immunity).

Keying in on the *Ex parte Young* exception referenced by the Court in its November Opinion, Plaintiff added Mr. Ignatowitz and Mr. Kelly as named Defendants to the Amended Complaint. (Am. Compl. ¶ 12.) Plaintiff's 41-page, 65-paragraph Amended Complaint contains few allegations involving Mr. Ignatowitz and Mr. Kelly, all of which are either banal or conclusory. (*See, e.g.,* Am. Compl. at 4 (asking the Court to take judicial notice "that [PERS], [Mr.] Ignatowitz and [Mr.] Kelly violated and manipulated policies regarding ongoing pending litigation . . ."); *id.* ¶ 3 (arguing "[PERS], [Mr.] Ignatowitz and [Mr.] Kelly applied the wrong law"); *id.* ¶ 17 (noting Plaintiff appeared before "[PERS], [Mr.] Ignatowitz and [Mr.] Kelly" in July 2021); *id.* ¶ 18 (noting Plaintiff "submitted her written submission with exhibits . . . via email to Secretary Ignatowitz and Members of the Board"); *id.* ¶ 29 (arguing that "[a]lthough [PERS],

[Mr.] Ignatowitz and [Mr.] Kelly, July 21, 2021 denial relied on the finding that [she] was removed for cause . . . the facts in full demonstrate that [her] removal . . . was not 'for cause . . .'")). Indeed, Plaintiff never distinguishes the actions of Mr. Ignatowitz and Mr. Kelly from that of PERS and does not clearly allege how Mr. Ignatowitz and Mr. Kelly were involved in PERS's decision with respect to the Application. This is concerning as the only relief Plaintiff seeks from this Court is to re-review her Application. (*Id.* ¶ 65.)

For the *Ex parte Young* exception to apply with respect to Mr. Ignatowitz and/or Mr. Kelly, Plaintiff was required to state a claim "for prospective relief to end an ongoing violation of federal law." *MCI Telecomm. Corp. v. Bell Atl. Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001). As the Court found in its November Opinion, "While Plaintiff appears to be nominally seeking some form of injunctive relief, Plaintiff fails to allege any facts from which the Court might infer that there are future or ongoing violations of Plaintiff's rights under federal law." (Nov. Op. (citing *Surina v. S. River Bd. of Educ.*, No. 20-2804, 2022 WL 264464, at *3 (3d Cir. Jan. 27, 2022) (finding that the *Ex parte Young* exception did not apply because, although the injunctive relief sought was phrased in prospective terms, there were no facts alleged indicating that purported violations of constitutional law were ongoing)). For example, in *Petit-Clair. v. State of New Jersey*, a plaintiff sued the State of New Jersey and related individuals for unlawful revocation of his benefits under the State's Public Employees Retirement System. No. 14-07082, 2016 WL 1558585, at *1 (D.N.J. Apr. 18, 2016). The Court found that:

> [T]he [Third Amended Complaint] asks that the Court 'enter an order placing Plaintiff Alfred J. Petit-Clair, Jr. in the position he would have been had there been no violations of his constitutional rights, with respect to his enrollment in PERS and guarantee of post-retirement benefits.' In other words, Petit-Clair seeks an injunction that would require the State Defendants to perform contractual obligations pursuant to a preexisting agreement. It thus follows that

7

> Petit-Clair seeks relief from the State Defendants that is retroactive in nature.

*Petit-Clair.*, 2016 WL 1558585, at *2. Similarly here, Plaintiff seeks an injunction that would have the Court order PERS to provide Plaintiff with benefits it already denied her. The Court finds that the Amended Complaint fails to place Mr. Ignatowitz and Mr. Kelly into *Ex parte Young*'s exception. Plaintiff does not allege facts to support an inference that PERS's denial of the Application constitutes an ongoing violation of Plaintiff's rights, and the Court is skeptical that Plaintiff's sought-after relief can even be properly categorized as "prospective," as she asks the Court to retrospectively re-review PERS's denial of the Application. (*See* Am. Compl. ¶ 65.)

What is more, the Amended Complaint generally fails to state a claim against Defendants in accordance with Rule 8. As mentioned previously, Plaintiff's references to Mr. Ignatowitz and Mr. Kelly in the Amended Complaint (which are rare) make, at most, conclusory allegations about purported misconduct. (*See, e.g.,* Am. Compl. at 3 (alleging Defendants "neglected and mischaracterized" facts which amounted to "willful written falsification of material facts"), *id.* at 4 (alleging Defendants "violated and manipulated policies"), *id.* ¶ 3 (alleging Defendants "applied the wrong law"), *id.* ¶ 4 (alleging Defendants "have been handing out pension payments in a discriminatory manner")); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Instead of focusing on allegations pertaining to Defendants, almost the entirety of Plaintiff's Amended Complaint focuses on "disprov[ing] that [she] was removed for cause" from the JJC. (*See* Am. Compl. ¶¶ 22–59.) Plaintiff's termination from the JJC is not the matter before the Court, and the Court—much less Defendants—cannot otherwise discern how Defendants' denial of the Application violates any of the federal or state statutes Plaintiff cites in the Amended

Complaint.[4] (*See* ¶¶ 4, 61, 66); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (noting a pleading must give a defendant "fair notice" of claims and grounds upon which those claims rest).

Consequently, given that this is Plaintiff's second attempt to have the Court grant relief to which Defendants are categorically immune, and Plaintiff was unable to meaningfully correct the deficiencies identified in the initial Complaint beyond copying in Mr. Ignatowitz's and Mr. Kelly's names to the initial Complaint's allegations, Plaintiff's Amended Complaint is **DISMISSED** with prejudice. Any amendment is futile as Plaintiff cannot evade the Eleventh Amendment to have the Court re-review the Application, given that Plaintiff is not faced with an ongoing violation of federal law. *See Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 927 (3d Cir. 2020) (affirming dismissal with prejudice in suit involving Eleventh Amendment immunity); *Tonge v. New Jersey*, 737 F. App'x 79, 80 (3d Cir. 2018) (affirming dismissal with prejudice on Eleventh Amendment grounds where plaintiff's "amended complaint did not differ materially from his first effort.")

---

[4] Even assuming Defendants fell into *Ex parte Young*'s exception, none of the federal statutes cited by Plaintiff in the Amended Complaint can support a cognizable claim. *See Rich v. New Jersey*, No. 14-2075, 2015 WL 2226029, at *9 (D.N.J. May 12, 2015) (citing *MCI Telecomm. Corp.*, 271 F.3d at 506) (noting the *Ex parte Young* exception only applies "to violations of the United States Constitution and to violations of federal statutes."). There is no private right of action under 42 U.S.C. § 1981. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009). Plaintiff's claim under Title VII fails because Defendants were not Plaintiff's employer. *See Floyd v. New Jersey Casino Comm'n*, No. 05-3949, 2007 WL 1797656, at *3 (D.N.J. June 19, 2007) ("Plaintiff can present no Title VII claims against the Commission because the Commission is not his employer.") Similarly, the provisions Plaintiff cites of the ADA, by Plaintiff's own admission in her Amended Complaint, pertain to the obligations of an employer. (*See* Am. Compl. ¶ 31 (arguing that under the ADA, "an employer may not require a current employee to undergo a medical examination . . ." and "the employer bears the burden" with respect to requesting medical evaluations.) Finally, Plaintiff's claim under 42 U.S.C. § 1983 fails because Plaintiff does not allege how Defendants' conduct (as opposed to the conduct of the JJC) "deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *See Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Therefore, to the extent Defendants are not immune from suit, the Amended Complaint still fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Amended Complaint is **DISMISSED** with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B), and Defendants' Motion to Dismiss and Plaintiff's Motion to Strike are **DENIED** as moot.

Therefore, **IT IS** on this 4th of October, 2024, **ORDERED** that:

1. Plaintiff's Amended Complaint, (ECF No. 5), is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e);

2. Defendants' Motion to Dismiss, (ECF No. 16), and Plaintiff's Motion to Strike, (ECF No. 17), are **DENIED** as moot;

3. The Clerk's Office is directed to **TERMINATE** the motions pending at ECF No. 16 and ECF No. 17;

4. The Clerk's Office is directed to **CLOSE** this matter; and

5. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to her address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**