NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JUDY THORPE,<br><br>        Plaintiff,<br><br>        v.<br><br>THE BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEE RETIREMENT SYSTEM, et al.,<br><br>        Defendants. | Civil Action No. 23-3788 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Judy Thorpe's ("Plaintiff") Motion for Reconsideration, ("MR," ECF No. 22), of the Court's October 4, 2024 Memorandum Order, ("IFP Order," ECF No. 21), dismissing her Amended Complaint, (ECF No. 5), with prejudice.[1] ("IFP Order," ECF No. 21.) Plaintiff also filed a Notice of Appeal of the IFP Order. (ECF No. 23.) Plaintiff's appeal was docketed before the Third Circuit Court of Appeals with Case Number 24-2930 on October 16, 2024. (ECF No. 24.) That same day, the Court of Appeals stayed the appeal pending this Court's decision on Plaintiff's timely Motion for Reconsideration. (ECF No. 25.) In light of the Third Circuit's stay, the Court will therefore consider Plaintiff's Motion for Reconsideration of the IFP Order.[2]

---

[1] Defendants the Board of Trustees of the Public Employee Retirement System ("PERS"), Jeff S. Ignatowitz, and Robert E. Kelly (collectively, "Defendants"), filed an opposition to Plaintiff's Motion for Reconsideration. (*See* ECF No. 27.)

[2] On October 21, 2024, Plaintiff filed a "Motion to Correct Data on Court's Computer System." (ECF No. 26.) Plaintiff appears to challenge the docket text the Clerk's Office used to describe the Notice of Appeal Plaintiff filed at ECF No. 23. (*See id.* at 1–7.) The document Plaintiff filed was entitled "Notice of Appeal to the U.S. Court of Appeals for the Third Circuit" and challenged the IFP Order, without limitation. (ECF No. 23.) Plaintiff asserts this was incorrect because "[i]t was never my intention to appeal order on Motion

Pursuant to Local Civil Rule 7.1(i), a party may move for reconsideration within fourteen (14) days of an entry of order or judgment on the original motion. Reconsideration is an "extraordinary remedy" to be granted "sparingly." *United States v. Coburn*, No. 19-120, 2022 WL 874458, at *2 (D.N.J. Mar. 23, 2022) (citation omitted). To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). The party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i).

Even accounting for Plaintiff's *pro se* status, the Court is unable to discern any basis for the Court to alter the conclusions of the IFP Order. As recounted there, Plaintiff initially sued PERS, challenging its denial of Plaintiff's retirement benefits application. (IFP Order at 1–2.) After the Court granted Plaintiff's *in forma pauperis* application, it screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and found that PERS was immune from suit under the Eleventh Amendment. (*Id.* at 2.) Plaintiff then filed the Amended Complaint, which was *substantively identical* to the initial Complaint, but added two individual defendants who were allegedly PERS employees. (*Id.* at 3.)

Before the Court could screen the Amended Complaint, Defendants filed a Motion to Dismiss, (ECF No. 16), and Plaintiff sought to strike the same, (ECF No. 17). The Court then

---

to Dismiss, it was never my intention to appeal order on motion to strike." (ECF No. 26 at 7.) However, her Notice of Appeal does not limit the issues she wishes to raise on appeal and broadly challenges the IFP Order. Therefore, the docket text of ECF No. 23 is accurate, and Plaintiff's Motion, (ECF No. 26), is **DENIED**. To the extent Plaintiff no longer wishes to appeal some portion of the IFP Order, she may dismiss those issues by filing with the Court of Appeals.

screened the Amended Complaint and found that Plaintiff's claims still failed on Eleventh Amendment grounds.[3] (IFP Order at 7–8.) The Court dismissed the Amended Complaint with prejudice, as this was Plaintiff's second attempt to essentially "evade the Eleventh Amendment to have the Court re-review [PERS's decision]." (*Id.* at 9.)

Plaintiff's Motion for Reconsideration does not point to any "clear error of law" or a need to "prevent manifest injustice" presented by the Court's IFP Order. While Plaintiff argues, "[t]he [C]ourt failed to appreciate the significance of [her] well-reasoned arguments and exhibits that were attached to [her] Amended Complaint," (MR at 8–9), this is not a basis for reconsideration. *See Delaney v. Am. Express Co.*, No. 06-5134, 2007 WL 1959238, at *1 (D.N.J. June 29, 2007) (denying motion for reconsideration where it amounted "to nothing more than disagreement with the Court's decision"). Moreover, while Plaintiff argues that she "did not have [a] full and fair opportunity" to respond to Defendants' Motion to Dismiss, (MR at 3–4), the Court explicitly stated in the IFP Order that it did not consider Defendants' Motion to Dismiss, but rather, "evaluate[d] the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)."[4] (IFP Order at 5.)

---

[3] The Court also found Plaintiff failed to state a claim against the two individual defendants as her limited references to them in the Amended Complaint "ma[d]e, at most, conclusory allegations about purported misconduct." (IFP Order at 8.) Further, the Court found that none of the federal statutes cited by Plaintiff in the Amended Complaint could "support a cognizable claim." (*Id.* at 9 n.4.)

[4] The Court notes that the purpose of its ability to screen pursuant to 28 U.S.C. § 1915(e) is to guard against "abuse" of "cost-free access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Plaintiff's unsuccessful attempts to litigate *ad nauseum* PERS's decision and her related termination from the New Jersey Juvenile Justice Commission—as outlined in the IFP Order, (*see* IFP Order at 1 n.1)—are an apt example. Plaintiff recently filed a substantively similar Motion for Reconsideration in another matter in which she seeks to challenge PERS's decision. *See Thorpe* v. *State of New Jersey, Dep't. of Treas., Div. of Pensions and Benefits,* Case No. 24-1463 (D.N.J.). In a third related case Plaintiff has filed, *Thorpe v. Cipparulo,* Case No. 23-3590 (D.N.J.), the Court screened and dismissed the complaint; Plaintiff filed a motion for reconsideration as well as a notice of appeal, and the Court of Appeals stayed the appeal pending a decision on the reconsideration motion. This Court subsequently denied reconsideration, and the Court of Appeals ultimately dismissed the appeal for failure to prosecute.

Therefore, **IT IS** on this 28th day of October, 2024, **ORDERED** that:

1. The Clerk's Office is directed to **REOPEN** this matter for a decision on Plaintiff's Motion for Reconsideration, (ECF No. 22), and Motion to Correct Data on Court's Computer System, (ECF No. 26);

2. Plaintiff's Motion for Reconsideration, (ECF No. 22), and Motion to Correct Data on Court's Computer System, (ECF No. 26), are **DENIED** for the reasons set forth above;

3. The Clerk's Office is directed to **TERMINATE** the motions pending at ECF Nos. 22 and 26;

4. The Clerk's Office is directed to **CLOSE** this matter; and

5. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to her address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**